UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

CLARA SANTANA

     Plaintiff,

v.

JERRY MILO, and
his wife RHONDA MILO

     Defendants,
_____/

## **COMPLAINT**

COMES NOW the Plaintiff CLARA SANTANA, by and through the undersigned counsel, and hereby sues Defendants JERRY MILO and his wife RHONDA MILO, and alleges:

1. This is an action to recover money damages for unpaid minimum wages under the laws of the United States. Jurisdiction is conferred on the Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. §201-219 (Section 216 (b) for jurisdictional placement).

2. Plaintiff CLARA SANTANA is a resident of Dade County, Florida, within the Honorable Court jurisdiction. Plaintiff is a covered employee for purposes of the Act.

3. Defendants JERRY MILO and his wife RHONDA MILO (hereinafter JERRY MILO and RHONDA MILO, or Defendants) are Broward County residents who employed Plaintiff CLARA SANTANA. Defendants are the employers of Plaintiff within the meaning of FLSA 29 U.S.C. §203 (d).

## GENERAL ALLEGATIONS

4. Defendant JERRY MILO and his wife RHONDA MILO employed Plaintiff CLARA SANTANA as a live-in nanny and domestic employee to work in their private residence located at 406 Sunset Drive, Hallandale, FL 33009.

5. Plaintiff worked for Defendants from approximately February 06, 2018, to September 16, 2019, or 84 weeks.

6. Plaintiff was required to reside at Defendants' private residence as a condition for employment and as per the convenience of the employers.

7. At the time of Plaintiff's hiring, Defendants JERRY MILO, and RHONDA MILO, entered into an employment agreement with Plaintiff. Defendants verbally explained to Plaintiff her working conditions, detailing her wages, working hours, and duties.

8. According to the terms of the verbal agreement, Defendants would be providing Plaintiff room and meals and a weekly salary of $400.00, covering 5 days with 40 hours of work, resulting in a regular rate of $10.00 an hour. Defendants promised Plaintiff to pay her fairly for all her hours worked. Plaintiff's duties would be taking care of one minor and light maid work.

9. However, Defendants misguided Plaintiff, and as a condition for employment, they made her sign an unconscionable slavery contract. The unreasonable employment written contract required Plaintiff to work an undetermined number of hours and be permanently On-call. The contract specified a payment of $400.00 every 5 days. The contract also required Plaintiff to pay monthly $400.00 for meals and $1,000.00 per room.

10. As a matter of fact, Plaintiff was not provided meals, she had to buy and cook her own food, and for more than one year, she was not assigned adequate living quarters.

11. During her time of employment with Defendants, Plaintiff regularly worked 7 days every week. Plaintiff worked from Mondays to Fridays, from 6:00 AM to 11:00 PM (17 hours each day). On Saturdays, Plaintiff worked from 6:00 AM to 2:00 PM (8 hours), then she left, she was off. Plaintiff returned to the residence, and she worked from 6:00 PM to 11:00 PM (5 hours). Plaintiff worked a total minimum of 98 hours every week. Plaintiff was not allowed to take any bona fide lunch-time period.

12. Plaintiff's duties included taking care of a minor, chauffeuring, housekeeping, doing the laundry, ironing, gardening, taking care of two dogs, and many other domestic household tasks necessary to maintain a household of at least five persons.

13. The family used to entertain many guests, and Plaintiff was required to work long hours that never were compensated correctly.

14. During the relevant period of employment, Plaintiff was paid a salary of $400.00 weekly, which intended to cover 5 days with 40 hours weekly. However, Plaintiff worked 7 days/98 hours, but she was paid the same amount regardless of the number of days and hours worked.

15. Plaintiff worked many hours that were not properly compensated at any rate, not even at the minimum wage rate, as established by the FLSA.

16. Defendants did not keep any time-keeping method to track Plaintiff's hours, but they were in complete control of Plaintiff's schedule and knew the number of hours that she was working.

17. Therefore, Defendants JERRY MILO and RHONDA MILO willfully failed to pay Plaintiff minimum wages for the time and periods specified above, in violation of the Fair Labor Standards Act.

18. Plaintiff was paid in cash, and she was not provided with any record or paystub detailing her number of days and hours worked, wage-rate, employment taxes deducted, etc.

19. On or about September 16, 2019, Defendant RHONDA MILO fired Plaintiff without further explanations.

20. At the time of her firing, Plaintiff was not paid for her last week of work.

21. Plaintiff CLARA SANTANA seeks to recover any regular unpaid wages accumulated during her relevant time of employment, liquidated damages, as well as any other relief as applicable by law.

## COUNT I:
## FEDERAL STATUTORY VIOLATIONS OF THE FLSA'S MINIMUM WAGE PROVISIONS, 29 U.S.C. §206

22. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-21 of this complaint set out in full herein.

23. Plaintiff CLARA SANTANA brings this action to recover from the Employers JERRY MILO and RHONDA MILO unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

24. At all times relevant to this action, Plaintiff CLARA SANTANA was an employee of Defendants within the meaning of the FLSA 29 U.S.C. §203 (e).

25. At all times relevant to this action, Defendants were Plaintiff's Employers within the meaning of the FLSA 29 U.S.C. §203 (d).

26. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the FLSA 29 U.S.C. §203 (g).

27. At all times relevant to this action, Plaintiff was employed as a domestic employee within the meaning of the FLSA 29 U.S.C. §206 (f).

28. Pursuant to 29 USC § 206, (f), 206 § (b), and 206 § (a)(1), the Employers/Defendants were subjected to the provisions of the FLSA, and the Plaintiff was a covered employee for the purposes of the Act.

29. Specifically, Title 29 U.S.C. §206 (f) states:

    **Employees in domestic service**
    Any employee—
    **(1)** who in any workweek is employed in domestic service in a household shall be paid wages at a rate not less than the wage rate in effect under subsection (b) of this section unless such employee's compensation for such service would not because of section 209(a)(6) of the Social Security Act [42 U.S.C. 409(a)(6)] constitute wages for the purposes of title II of such Act [42 U.S.C. 401 et seq.], or
    **(2)** who in any workweek—
    **(A)** is employed in domestic service in one or more households, and
    **(B)** is so employed for more than 8 hours in the aggregate,
    shall be paid wages for such employment in such workweek at a rate not less than the wage rate in effect under subsection (b) of this section.

30. Defendant JERRY MILO and his wife RHONDA MILO employed Plaintiff CLARA SANTANA as a live-in nanny and domestic employee to work in their private residence located at 406 Sunset Drive, Hallandale, FL 33009.

31. Plaintiff worked for Defendants from approximately February 06, 2018, to September 16, 2019, or 84 weeks.

32. Plaintiff was required to reside at Defendants' private residence as a condition for employment and as per the convenience of the employers.

33. Plaintiff's duties included taking care of a minor, chauffeuring, housekeeping, laundry, ironing, gardening, taking care of two dogs, and many other domestic household tasks necessary to maintain a household with at least five persons.

34. During her time of employment with Defendants, Plaintiff regularly worked 7 days every week. Plaintiff worked from Mondays to Fridays, from 6:00 AM to 11:00 PM (17 hours each day). On Saturdays, Plaintiff worked from 6:00 AM to 2:00 PM (8 hours), then she left, she was off. Plaintiff returned to the residence, and she worked from 6:00 PM to 11:00 PM (5 hours). Plaintiff worked a total minimum of 98 hours every week. Plaintiff was not allowed to take any bona fide lunch-time period.

35. During the relevant period of employment, Plaintiff was paid a salary of $400.00 weekly, which intended to cover 5 days with 40 hours weekly. However, Plaintiff worked 7 days/98 hours, but she was paid the same amount regardless of the number of days and hours worked.

36. Plaintiff worked 58 hours weekly that were not compensated at any rate, not even at the minimum wage rate, as established by the FLSA.

37. Defendants did not keep any time-keeping method to track the hours worked by Plaintiff, but they were in complete control of Plaintiff's schedule, and they knew the number of hours that she was working.

38. Therefore, Defendants JERRY MILO and RHONDA MILO willfully failed to pay Plaintiff minimum wages for the time and periods specified above, in violation of the Fair Labor Standards Act.

39. Plaintiff was paid in cash, and she was not provided with any record or paystub detailing her number of days and hours worked, wage-rate, employment taxes deducted, etc.

40. The records, if any, concerning the number of hours worked by Plaintiff and the compensation paid to her should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate

and complete time records of hours worked by Plaintiff. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

41. Defendants never posted any notice, as required by the Fair Labor Standards Act, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

42. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
*Florida minimum wage is higher than Federal minimum wage. As per FLSA Regulations the higher minimum wage applies.

   a. Total amount of alleged unpaid wages:

   Forty Thousand Four Hundred Ninety-Three Dollars and 06/100 ($40,983.06)

   b. Calculation of such wages:

   Total relevant weeks of employment:  84 weeks
   Total hours worked:  98 hours weekly
   Total number of hours paid: 40 hours
   Total number of unpaid hours: 58 hours weekly
   Regular rate: $10.00 an hour ($400.00:40= $10.00 an hour)

   **1.- Unpaid minimum wages x 47 weeks 2018 @ $8.25 an hour**

   Relevant weeks: 47 weeks
   Total number of unpaid hours: 58 hours weekly
   Florida minimum wage 2018: $8.25 an hour

   $8.25 FL Min. wage x 58 unpaid hours=$478.50 x 47 weeks=$22,489.50

   **2.- Unpaid minimum wages x 36 weeks 2019 @ $8.46 an hour**

   Relevant weeks: 36 weeks
   Total number of unpaid hours: 58 hours weekly
   Florida minimum wage 2019: $8.46 an hour

$8.46 FL Min. wage x 58 unpaid hours=$490.68 x 36 weeks=$17,664.48

**3.- Unpaid minimum wages x 1 weeks 2019 @ $8.46 an hour**

Relevant weeks: 1 week
Total number of unpaid hours: 98 hours weekly
Florida minimum wage 2019: $8.46 an hour

$8.46 FL Min. wage x 98 unpaid hours=$829.08

Total minimum wages #1, #2 and #3= $40,983.06

   c. Nature of wages:

This amount represents unpaid Minimum Wages at the Florida rate

43. Plaintiff CLARA SANTANA was not paid minimum wages for the hours and relevant periods specified above. Therefore, the Defendants unlawfully failed to pay minimum wages to Plaintiff.

44. Defendants JERRY MILO and RHONDA MILO knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff CLARA SANTANA these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff is entitled to recover double damages.

45. Defendants JERRY MILO and RHONDA MILO willfully and intentionally refused to pay Plaintiff CLARA SANTANA minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

46. Plaintiff seeks to recover for minimum wage violations accumulated within her relevant employment and/or from 3 (three) years from the date of the filing of this complaint.

47. Plaintiff CLARA SANTANA has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CLARA SANTANA respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff CLARA SANTANA and against the Defendants JERRY MILO and RHONDA MILO based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff CLARA SANTANA actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages /liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff CLARA SANTANA demands trial by jury of all issues triable as of right by jury.

Dated:  March 26, 2021

Respectfully submitted,

By:  /s/ **Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*